UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re Application of Bloomfield Investment          **ORDER**
Resources Corp. for an Order Directing Discovery     18-mc-742-RRM-SJB
from Igor Daniloff Pursuant to 28 U.S.C. § 1782

-----------------------------------------------------------------X

**BULSARA, United States Magistrate Judge:**

Petitioner Bloomfield Investment Resources Corporation ("Bloomfield") has

applied for leave to serve Respondent Igor Daniloff ("Daniloff") with a Rule 45 subpoena

using means other than personal service.

Rule 45 provides that "[s]erving a subpoena requires delivering a copy to the

named person and, if the subpoena requires that person's attendance" remitting witness

and travel fees. Bloomfield states a process server attempted to serve Daniloff

personally at his home—124 Norfolk Street Brooklyn, NY 11235—on three occasions.

(Motion at 2). On each occasion the process server spoke to Daniloff's wife, and was

told on March 23, 2018 that Daniloff was in Moscow. (*Id.*). No declaration or affidavit

from the process server or other evidentiary material is provided with the motion.

The motion for leave is denied. *First*, Bloomfield asks permission to serve the

subpoena by leaving it "at [Daniloff's] dwelling or usual place of abode with someone of

suitable age and discretion who resides there," presumably Daniloff's wife. Fed. R. Civ.

P. 5(b)(2)(B)(ii). Bloomfield ignores the first part of this Rule. This means of service is

only available "if the person has no office or the office is closed." Bloomfield makes no

mention of Daniloff's office, but implies that he has an area office. (Motion at 2

("Petitioner has attempted service . . . before Respondent would be likely to leave his

residence for work[.]").  In any event, having not satisfied the prerequisite to this means of service, it is unavailable to Bloomfield.

*Second*, Bloomfield asks for permission to mail the subpoena to 124 Norfolk Street.  Fed. R. Civ. P. 5(b)(2)(C) (permitting service by "mailing it to the person's last known address—in which event service is complete upon mailing").

In support of this application Bloomfield cites a number of cases.  But those cases do not support its position.  In *Simmons v. Fervent Electric Corporation*, Judge Go did say that there are a "number of courts" holding that non-personal service may satisfy the service requirements of Rule 45.  But she concluded that "neither the process server's affidavit nor defendants' application are sufficient to demonstrate that defendants diligently attempted to effectuate personal service on the deponent prior to resorting to alternative methods of service[.]"  No. 14-CV-1804, 2016 WL 3661274, at *1 (E.D.N.Y. July 5, 2016).  And that was after the Plaintiff had already left the subpoena with the witness's wife twice and sent copies via mail.  *Id.*  Those measures have not been completed with respect to Daniloff in an effort to serve him personally.[1]

Bloomfield then cites *Ultradent Prod., Inc. v. Hayman* to suggest that its efforts at personal service to date have been diligent, and it is permitted to resort to alternative service.  Again, the case is inapposite.  In *Ultradent*, the Plaintiff attempted to serve a corporation at its office twice and then successfully served the corporation by serving the New York Secretary of State.  No. M8-85, 2002 WL 31119425, at *3 (S.D.N.Y. Sept.

---

[1] *Finkel v. S.I. Assocs. Co.* merely repeats the proposition that Rule 45 service may be accomplished through means other than personal service.  No. 09-CV-5329, 2012 WL 2117888, at *1 (E.D.N.Y. June 11, 2012).  The same is true for *Cartier v. Geneve Collections, Inc.*, No. 07-CV-201, 2008 WL 1924921, at *1 (E.D.N.Y. Apr. 29, 2008).  These cases do nothing to establish that Bloomfield's attempts to date have been diligent.

24, 2002).  The plaintiff also served the corporation via certified mail.  *Id.* at *4 ("[T]here is no issue that the Subpoena delivered by certified mail return receipt requested on May 15, 2002 was ultimately received by SDM on May 22, 2002.").  The posture of the case is significant.  The corporation was attempting to quash the subpoena; the Court was faced not with the question—as present here—of whether alternative service should be permitted where previous attempts were futile.  Rather, it was presented with a party which had conceded that it had received the actual subpoena twice—once via the Secretary of State and another by certified mail—attempting to say service was invalid.  *Id.* at *3-4.  The Court had, in other words, evidence that actual service was made.  The case does not stand for the proposition that *attempts* to serve an individual—not a corporation—at his home on multiple occasions is diligent and automatically permits resort to alternative service.

The problem is that Bloomfield's application is simply deficient.  In each of the cases cited, there was some form of evidentiary material provided to the Court by which it could determine the diligence of the efforts at personal service.  *In re: Ex Parte Application of Pro-Sys Consultants & Neil Godfrey*, No. 16-MC-80118, 2016 WL 6025155, at *2 (N.D. Cal. Oct. 14, 2016) ("Courts are more inclined to grant such alternative service where the serving party has provided sufficient evidence of its earlier diligence in attempting to effectuate personal service.") (quotations omitted).

More significantly, this is a situation where Bloomfield learned that Daniloff was in Moscow, and then ceased its attempts to serve him.  Bloomfield fails to mention what the process server learned: whether Daniloff was in Moscow permanently or

temporarily, or when he would return.[2]  This is relevant because in determining the

efficacy of alternative service, the Court must gauge the likelihood of the witness

receiving the subpoena.  *Tube City IMS, LLC v. Anza Capital Partners, LLC*, No. 14-

CIV-1783, 2014 WL 6361746, at *2 (S.D.N.Y. Nov. 14, 2014) ("[D]istrict courts in this

Circuit have held that, in appropriate circumstances, alternative forms of service may be

used, *as long as they are calculated to provide timely actual notice.*") (emphasis

added).  Rule 45 requires personal service to "'ensure receipt, so that notice will be

provided to the recipient, and enforcement of the subpoena will be consistent with the

requirements of due process.'"  *Med. Diagnostic Imaging, PLLC v. CareCore Nat., LLC*,

Nos. 06-CIV-7764, 07-CIV-13516, 2008 WL 3833238, at *2 (S.D.N.Y. Aug. 15, 2008)

(quoting 9 *Moore's Federal Practice* § 45.21 (3rd ed. 2008)).  "Any alternate methods of

service are available only after the serving party diligently attempted to effectuate

personal service *and presented proof that sufficient notice would be given.*'"  *Cadlerock*

*Joint Venture, L.P. v. Adon Fruits & Vegetables Inc.,* No. 09-CV-2507, 2010 WL

2346283, at *4 (E.D.N.Y. Apr. 21, 2010) (quotations and alterations omitted), *report*

*and recommendation adopted*, 2010 WL 2346276 (June 8, 2010); *In re Esther Shur*,

184 B.R. 640, 644 (Bankr. E.D.N.Y. 1995) ("[T]he only limitation upon service under

Rule 45 is that the procedure employed be reasonably calculated to give the non-party

actual notice of the proceedings and an opportunity to be heard.").  If Daniloff was not

to return home for an extended period, there is little chance that mail service would

---

[2] 28 U.S.C. §1782(a) requires that the person from whom discovery is sought
reside or be found in the district where the application is made.  If Daniloff has relocated
to Moscow or otherwise cannot be found in the Eastern District of New York, 28 U.S.C. §
1782 is potentially not available to Bloomfield.  *See, e.g.*, *In re Godfrey*, 526 F. Supp. 2d
417, 421-22 (S.D.N.Y. 2007) (denying a motion under 28 U.S.C. §1782 where individuals
are located outside of the district and documents sought were in Russia).

result in his receiving the subpoena before the compliance date. *Cf. SEC v. Pence*, 322 F.R.D. 450, 455 (S.D.N.Y. 2017) ("The Court believes that there is virtually no possibility that Stegawski will fail to be aware of a subpoena served by these means. Thus, service in this fashion is reasonably calculated under the circumstances to provide [Stegawski] with both notice and an opportunity to present objections.") (quotations omitted). Having now been informed of his presence in Moscow, Bloomfield may not now ignore that fact in its attempt to utilize service methods that otherwise might be permissible.

There also appears to have been no attempts to serve Daniloff at work, which appears to be in the area and to which the document and testimony pertain. This would be pertinent to the question of diligence but also to whether the first alternative method proffered—leaving the subpoena with Daniloff's spouse—should be permitted.

The motion is denied with leave to renew should Bloomfield, in the future, cure the deficiencies identified in this order.

SO ORDERED.

/s/ Sanket J. Bulsara April 23, 2018
Sanket J. Bulsara
United States Magistrate Judge

Brooklyn, New York